IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| AUNT BERTHA, a public benefit corporation and doing business as FINDHELP,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. MCFERRAN, in her official capacity as the Chairperson of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in their official capacity as an Administrative Law Judge of the National Labor Relations Board,<br><br>Defendants. | Civil Action No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Aunt Bertha, a public benefit corporation doing business as Findhelp ("Findhelp"), brings this action against Defendants National Labor Relations Board ("NLRB"), NLRB General Counsel Jennifer Abruzzo ("Abruzzo"), NLRB Chairperson Lauren M. McFerran ("McFerran"), Board Member Marvin E. Kaplan ("Kaplan"), Board Member Gwynne A. Wilcox

("Wilcox"), Board Member David M. Prouty ("Prouty") (Chairperson and Board Members are collectively referred to as "Members"), and Administrative Law Judge John Doe ("ALJ") for declaratory and injunctive relief, alleging as follows:

## INTRODUCTION

1.      This action arises from the NLRB's attempt to subject Findhelp to administrative proceedings in NLRB case numbers 16-CA-311267, 16-CA-312142, and 16-CA-313516 that violate Findhelp's rights under the United States Constitution.

2.      Findhelp is likely to succeed on the merits of its constitutional claims that: (a) the ALJ overseeing the administrative proceeding is unconstitutionally protected from removal in contravention of Article II of the Constitution; (b) the NLRB's Board Members are unconstitutionally protected from removal in contravention of Article II of the Constitution; and (c) the NLRB's adjudication of private rights and legal relief violates Findhelp's Seventh Amendment right to a jury trial.

3.      Findhelp will suffer irreparable economic and constitutional harm absent declaratory and injunctive relief because it will be compelled to undergo an unconstitutional proceeding before an insufficiently accountable agency official, without the jury it is entitled to. Being "subjected to unconstitutional agency authority … by an unaccountable ALJ … is a here and now injury" that is "impossible to remedy once the proceeding is over." *Axon Enter., Inc. v. FTC*, 598 U.S. 175, 191 (2023). Similarly, "the irreparable injury requirement is automatically satisfied without the need to consider Plaintiff's particular showings" when the right to a jury trial under the Seventh Amendment is unlawfully withheld. *Burgess v. FDIC*, 639 F.Supp.3d 732, 749 (N.D. Tex. 2022).

4.      The balance of equities and public interest weigh in favor of Findhelp.  There is an unquestioned public interest in ensuring that federal agencies comply with the law and do not operate untethered to requirements imposed by the Constitution.

## JURISDICTION AND VENUE

5.      This action arises under the Constitution and laws of the United States.  This Court has federal question jurisdiction under 28 U.S.C. § 1331 over Findhelp's claims that fundamental aspects of the NLRB's structure violate the Constitution.  *See, e.g.*, *Axon Enter., Inc.*, 143 S. Ct. at 900.

6.      The Court has authority to grant declaratory and injunctive relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, under the Administrative Procedure Act, 5 U.S.C. §§ 701-706, and under the Court's inherent equitable powers.

7.      Venue is proper in this Court under 28 U.S.C. § 1391(e)(1)(B) because Defendants are officers of an agency of the United States and a substantial part of the events giving rise to the claim occurred in Fort Worth, Texas.  Specifically, the administrative proceedings that are the subject of this Complaint are pending in Fort Worth, Texas.

## PARTIES

8.      Findhelp is a Delaware public benefit corporation with multiple offices and places of business throughout the United States.

9.      Since its inception in 2010, Findhelp has grown to become the largest network of free and reduced-cost social services in the United States.  Findhelp is a software company that enables community organizations, governments, and businesses who hire large groups of social workers the ability to easily manage and coordinate care for the neediest populations in the

United States.  Users enter their zip code into Findhelp's software, which helps the user connect to available social services – including food, housing, transit, and health care – in the area.

10.    Defendant NLRB is an administrative agency of the United States, headquartered in Washington, D.C. The National Labor Relations Act ("NLRA") empowers the NLRB to initiate administrative proceedings to prevent unfair labor practices.  *See* 29 U.S.C. § 160.

11.    Defendant Abruzzo is General Counsel of the NLRB.  She is sued in her official capacity.

12.    Defendant McFerran is Chairperson of the NLRB.  She is sued in her official capacity.

13.    Defendant Kaplan is a Member of the NLRB.  He is sued in his official capacity.

14.    Defendant Wilcox is a Member of the NLRB.  She is sued in her official capacity.

15.    Defendant Prouty is a Member of the NLRB.  He is sued in his official capacity.

16.    Defendant John Doe is an ALJ of the NLRB assigned to preside over the NLRB proceedings against Findhelp, whose identity has not yet been disclosed to Findhelp.  He is sued in his official capacity.

## FACTS

17.    On January 24, 2023, the Office and Professional Employees International Union, AFL-CIO ("Union") filed a petition with the NLRB in case number 16-RC-310853, seeking to represent certain employees of Findhelp.

18.    On January 30, 2023, the Union filed a charge with the NLRB in case number 16-CA-311267, alleging that Findhelp violated Sections 8(a)(1) and (3) of the NLRA, 29 U.S.C. § 158(a).

19.     On February 13, 2023, the Union filed a charge with the NLRB in case number 16-CA-312143, alleging that Findhelp violated Sections 8(a)(1) and (3) of the NLRA, 29 U.S.C. § 158(a).

20.     On February 14, 2023, Findhelp and the Union entered into a stipulated election agreement to hold an NLRB-conducted election on March 7, 2023.

21.     On March 6, 2023, Thomas Rosenwinkel filed a charge with the NLRB in case number 16-CA-313516, alleging that Findhelp violated Sections 8(a)(1) and (3) of the NLRA, 29 U.S.C. § 158(a).

22.     On March 20, 2023, in response to a request for evidence letter from the NLRB, Findhelp submitted a position statement and supporting evidence refuting the allegations in case numbers 16-CA-311267 and 16-CA-312343.

23.     On April 11, 2023, certain employees of Findhelp selected the Union to be their exclusive collective representative in an NLRB-conducted election in case number 16-RC-310853.

24.     On April 19, 2023, the NLRB certified the Union as the exclusive representative of certain Findhelp employees.

25.     On May 10, 2023, RV Dougherty filed a charge with the NLRB in case number 16-CA-318102, alleging that Findhelp violated Sections 8(a)(1) of the NLRA, 29 U.S.C. § 158(a), by requiring employees to sign overly broad confidential separation agreements and general releases.

26.     On May 12, 2023, Toy Vano ("Vano") filed a charge with the NLRB in case number 16-CA-318170, alleging that Findhelp violated Sections 8(a)(1) and (3) of the NLRA, 29 U.S.C. § 158(a).

27.     On May 19, 2023, in response to a request for evidence letter from the NLRB, Findhelp submitted a position statement and supporting evidence refuting the allegations in case number 16-CA-313516.

28.     In June 2023, the Union and Findhelp commenced bargaining for a collective-bargaining agreement and on related issues.

29.     On June 9, 2023, Vano filed a charge with the NLRB in case number 16-CA-319893, alleging that Findhelp violated Sections 8(a)(1) and (5) of the NLRA, 29 U.S.C. § 158(a), by refusing to bargain with the Union over changes in terms and conditions of employment, including Findhelp's decision to use a vendor other than Grubhub to provide employees' free meals.

30.     On July 27, 2023, the NLRB issued a letter dismissing the discharge allegation in case number 16-CA-313516 but retaining the other allegations of the charge for "further processing."

31.     On October 31, 2023, Arsenia Margaret Reilly-Collins ("Reilly-Collins") filed a charge with the NLRB in case number 16-CA-329129, alleging that Findhelp violated Sections 8(a)(1) and (5) of the NLRA, 29 U.S.C. § 158(a), by refusing to bargain with the Union over changes in terms and conditions of employment when it changed its health insurance provider from Aetna to Cigna.

32.     On October 31, 2023, Reilly-Collins filed a charge with the NLRB in case number 16-CA-329139, alleging that Findhelp violated Sections 8(a)(1), (3), and (5) of the NLRA, 29 U.S.C. § 158(a), by failing and refusing to bargain in good faith with the Union by restructuring a department, eliminating a team in the department, and discharging employees on that team.

33.    On January 11, 2024, the Union filed a charge with the NLRB in case number 16-CA-333566, alleging that Findhelp violated Sections 8(a)(1) and (3) of the NLRA, 29 U.S.C. § 158(a).

34.    On January 25, 2024, the Union filed a charge with the NLRB in case number 16-CA-334470, alleging that Findhelp violated Sections 8(a)(1) and (3) of the NLRA, 29 U.S.C. § 158(a).

35.    On January 29, 2024, Reilly-Collins filed an amended charge in case number 16-CA-329139, alleging that Findhelp violated Sections 8(a)(1), (3), and (5) of the NLRA, 29 U.S.C. § 158(a), by disciplining or retaliating against employees.

36.    On January 30, 2024, the Union filed a charge in case number 16-CA-334750, alleging that Findhelp violated Sections 8(a)(1) and (3) of the NLRA, 29 U.S.C. § 158(a).

37.    On March 21, 2024, in response to a request for evidence letter from the NLRB, Findhelp submitted a position statement and supporting evidence refuting the allegations in charges 16-CA-318102, 16-CA-318170, 16-CA-319893, 16-CA-329129, and 16-CA-329139.

38.    On April 12, 2024, the Regional Director for Region 16 of the NLRB issued an order consolidating the charges in case numbers 16-CA-311267, 16-CA-312143, and 16-CA-313516 together with a consolidated administrative complaint and notice that an administrative hearing would occur before an ALJ on September 23, 2024 (the "Complaint").

39.    One of the remedies sought in the Complaint is: "Make Tiffany and Smith whole for any direct or foreseeable pecuniary harms suffered and reasonable consequential damages incurred as a result of Employer's unlawful conduct, with interest calculated in accordance with Board policy."

40.     On April 26, 2024, Findhelp answered the Complaint denying all material allegations.

41.     The charges in case numbers 16-CA-318102, 16-CA-318170, 16-CA-319893, 16-CA-329129, 16-CA-329139, 16-CA-333566, and 16-CA-334470 remain pending with the NLRB's Regional Office, which has declined to state whether it will seek to consolidate some or all of those charges with the Complaint or postpone the hearing date until it completes the processing of those charges.

## CAUSES OF ACTION

## COUNT I

## THE NLRB'S ALJS ARE UNCONSTITUTIONALLY

## INSULATED FROM REMOVAL

42.     Findhelp incorporates by reference the above paragraphs.

43.     NLRB ALJs are inferior officers of an executive agency.  *See* U.S. Const. Art. II, § 2; *Lucia v. SEC*, 138 S. Ct. 2044, 2053-55 (2018); *Jarkesy v. SEC*, 34 F.4th 446, 464 (5th Cir. 2022), aff'd No. 22-859, 603 U.S. __ (2024); *Westrock Servs.*, 366 N.L.R.B. No. 157, slip op. at 1 (2018) ("Board judges, like SEC judges, are inferior officers").

44.     NLRB ALJs exercise considerable power over administrative case records by controlling the presentation and admission of evidence during unfair labor practice hearings. Powers exercised by NLRB ALJs include, for example, determining whether to permit "certain lines of inquiry," *Am. Life Ins. and Accident Co.*, 123 NLRB 529, 530 (1959); placing time limits on a party's presentation of its case, *Dickens, Inc.*, 355 NLRB 255, 256-258 (2010); granting applications for subpoenas, NLRB Rules and Regulations, § 102.35(a)(2); ruling on petitions to revoke subpoenas, NLRB Rules and Regulations, § 102.35(a)(4); ruling upon offers of proof and

receiving relevant evidence, NLRB Rules and Regulations, § 102.35(a)(5); excluding persons or counsel from the hearing for contemptuous conduct, NLRB Rules and Regulations, § 102.35(a)(6); striking witness testimony, *Nassau Ins. Co.*, 280 NLRB 878, 897 (1986); ruling on procedural requests and motions, including motions for default judgment, motions for summary judgment, motions to dismiss, motions to amend, motions to consolidate or sever, and motions to reopen the record, NLRB Rules and Regulations, § 102.35(a)(8); approving stipulations of fact, NLRB Rules and Regulations, § 102.35(a)(9); and issuing decisions, including bench decisions, NLRB Rules and Regulations, § 102.35(a)(10).

45.     The Constitution requires that the President be able to exercise authority over the functions of inferior officers of an executive agency.  *Jarkesy*, 34 F.4th at 464.  This exercise of authority contemplates the ability of the President to "intervene in their inferior officers' actions" at will.  *Jarkesy*, 34 F.4th at 464.

46.     NLRB ALJs may only be removed from office "for good cause established and determined by the Merit Systems Protection Board on the record after opportunity for hearing before the [Merit Systems Protection] Board."  5 U.S.C. § 7521(a).

47.     Members of the Merit Systems Protection Board are removable only for "inefficiency, neglect of duty, or malfeasance in office."  5 U.S.C. § 7521(d).

48.     Because NLRB ALJs can only be removed for good cause after an opportunity for a hearing before the Merit Systems Protection Board, and the Merits Systems Protection Board Members who may remove ALJs are themselves removable by the President only for "inefficiency, neglect of duty, or malfeasance in office," NLRB ALJs are insulated by at least two layers of for-cause removal protections.

49.     The statutes' provision of at least two layers of removal protection for NLRB ALJs prevents the exercise of Presidential authority over those officers as mandated by Article II of the Constitution.  *See Free Enter. Fund v. PCAOB*, 561 U.S. 477, 492-508 (2010); *Jarkesy*, 34 F.4th at 463-65.

50.     Because of these restrictions on the President's Article II authority, neither the ALJ assigned to Findhelp's administrative hearing nor the NLRB Members who are responsible for supervising and exercising control over the ALJ need to concern themselves in the least with how the President may view their actions during the proceedings against Findhelp or constrain their actions accordingly.

51.     Being subject to unconstitutional agency authority, including proceedings before unconstitutionally insulated agency officials, qualifies as a "here-and-now injury."  *Axon Enter*., 143 S. Ct. at 903 (citation omitted); *see also Cochran v. SEC*, 20 F.4th 194, 210 n.16, 212-13 (5th Cir. 2021) (en banc), aff'd and remanded sub nom. *Axon Enter*., 143 S. Ct. 890.

52.     Findhelp is "entitled to declaratory relief sufficient to ensure that the [administrative] standards to which [Findhelp is] subject will be enforced only by a constitutional agency accountable to the Executive." *Free Enter. Fund*, 561 U.S. at 513.

53.     Findhelp bears a strong likelihood of success for the reasons stated above.  *Space Expl. Techs. Corp. v. NLRB*, No. W-24-CV-00203-ADA, 2024 U.S. Dist. LEXIS 129439, at *15 (W.D. Tex. July 23, 2024).

54.     Without interim injunctive relief from this Court, Findhelp will be irreparably harmed because it will have endured a proceeding before officers who are unconstitutionally insulated from, and constrained by, Presidential oversight.

55.    Moreover, if the NLRB Members, on recommendation from the ALJ, issue a final order against Findhelp, the constitutional injury will likely be irremediable because retrospective relief is not available to parties who are subjected to an unconstitutional proceeding by improperly insulated administrative agency officials.  *See Collins v. Yellin*, 141 S. Ct. 1761, 1787-89 (2021).

56.    The harm to Findhelp, in the event declaratory and injunctive relief is not granted, far outweighs any harm, or mere inconvenience, to the NLRB if such relief is granted.

57.    The public interest is best served by not allowing the NLRB to continue to operate in an unconstitutional manner.

## COUNT II

## THE NLRB'S MEMBERS ARE UNCONSTITUTIONALLY

## INSULATED FROM REMOVAL

58.    Findhelp incorporates by reference the above paragraphs.

59.    The NLRB's Members exercise substantial executive power under the Constitution in administering and enforcing the provisions of the NLRA.  Such powers include the authority to exercise prosecutorial power in federal district courts, 29 U.S.C. § 160(j); *see, e.g.*, *Overstreet v. El Paso Disposal, L.P.*, 625 F.3d 844, 852 (5th Cir. 2010) ("Petition power under § 10(j) is prosecutorial in nature[.]"); to determine units for the purpose of collective bargaining, direct representation elections, decide unfair labor practice charges, issue subpoenas, 29 U.S.C. §§ 159, 160; and engage in policy and rulemaking on topics such as the standard for determining joint employer status, appropriate units in the healthcare industry, etc., *see NLRB v. Wyman-Gordon Co.*, 394 U.S. 759 (1969).

60.    The NLRA permits removal of Board Members only "for neglect of duty or malfeasance in office," and explicitly prohibits removal for any other cause, like inefficiency, 29 U.S.C. § 153(a).

61.    The combination of the NLRB Members' strict removal protections and exercise of substantial executive power violates Article II of the Constitution.

62.    Because of these restrictions on the President's Article II authority, the NLRB Members need not concern themselves in the least with how the President may view their actions during the proceedings against Findhelp or constrain their actions accordingly.

63.    Being subject to unconstitutional agency authority, including proceedings before unconstitutionally insulated agency officials, qualifies as a "here-and-now injury." *Axon Enter.*, 143 S. Ct. at 903 (citation omitted); *see also Cochran*, 20 F.4th at 210 n.16, 212-13.

64.    Findhelp is "entitled to declaratory relief sufficient to ensure that the [administrative] standards to which [Findhelp is] subject will be enforced only by a constitutional agency accountable to the Executive." *Free Enter. Fund*, 561 U.S. at 513.

65.    Findhelp bears a strong likelihood of success for the reasons stated above.  See *Space Exploration Techs*, 2024 U.S. Dist. LEXIS 129439, at *9.

66.    Without interim injunctive relief from this Court, Findhelp will be irreparably harmed because it will have endured a proceeding before officers who are unconstitutionally insulated from, and constrained by, Presidential oversight.

67.    Moreover, if the NLRB Members, on recommendation from the ALJ, issue a final order against Findhelp, the constitutional injury will likely be irremediable because retrospective relief is not available to parties who are subjected to an unconstitutional proceeding by improperly insulated administrative agency officials. *See Collins*, 141 S. Ct. at 1787-89.

68.     The harm to Findhelp, in the event declaratory and injunctive relief is not granted, far outweighs any harm, or mere inconvenience, to the NLRB if such relief is granted.

69.     The public interest is best served by not allowing the NLRB to continue to operate in an unconstitutional manner.

**COUNT III**

**THE NLRB'S AWARD OF LEGAL RELIEF WITHOUT A**

**JURY TRIAL VIOLATES THE SEVENTH AMENDMENT**

70.     Findhelp incorporates by reference the above paragraphs.

71.     The Seventh Amendment to the Constitution of the United States provides that, "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law."  U.S. CONST. amend. VII.

72.     The right to a jury trial is not limited to the "common-law forms of action recognized" when the Seventh Amendment was ratified, but instead encompasses "all suits which are not of equity or admiralty jurisdiction, whatever may be the particular form they may assume." *SEC v. Jarkesy*, 603 U.S. ___, slip op. at 8 (2024).

73.     The Seventh Amendment extends to suits brought under a statute if the claim is "legal in nature." *Id.*

74.     The only relief authorized by Congress under the NLRA is equitable relief in the form of a cease-and-desist order and affirmative action including reinstatement of employees with or without backpay.  29 U.S.C. § 160(c).

75.     Nothing in the NLRA authorizes legal relief, including compensatory damages, nor did Congress "establish a general scheme authorizing the Board to award full compensatory damages for injuries caused by wrongful conduct" when it enacted the NLRA. *Int'l Union, United Auto., Aircraft & Agric. Implement Workers of Am (UAW-CIO v. Russell)*, 356 U.S. 634, 643 (1958).

76.     Although restitutionary backpay (through which an employer disgorges money that it wrongfully holds and that rightfully belongs to the employee) is categorized as a form of equitable relief, *Chauffeurs, Teamsters & Helpers, Loc. No. 391 v. Terry*, 494 U.S. 558, 570 (1990), other non-restitutionary compensatory damages are not.

77.     Despite the clear language of 29 U.S.C. § 160(c), both Defendant Abruzzo and the NLRB have expanded the remedies sought and awarded under the NLRA far beyond anything authorized by the statute or supported by jurisprudence.    Defendant Abruzzo has ordered Regional Directors to seek, and the Board has authorized the recovery of, legal relief in the form of consequential or compensatory damages. *See Thryv, Inc.*, 372 NLRB No. 22 (Dec. 13, 2022), enf. denied in part and vacated in part, *Thryv Inc. v. NLRB*, 102 F.4th 727 (5th Cir. 2024); NLRB GC Memorandum 21-06 (Sept. 8, 2021).

78.     The expanded remedies referenced above include such items as "front pay," "interest and late fees on credit cards" and other "credit card debt," "penalties" based on "early withdrawals" from a "retirement account" to cover living expenses, compensation for loss of a "car" or "home" based on an inability "to make loan or mortgage payments" or "rent," and new or increased "transportation or childcare costs," among other things.    NLRB GC Memorandum 21-06 (Sept. 8, 2021).

79.     These expanded remedies are admittedly monetary relief for purposes of compensating individual employees for "direct or foreseeable pecuniary harms." *Thryv*, 372 NLRB No. 22, slip op. at 8, 10.

80.     These expanded remedies go beyond the vindication of public rights, "the public interest in effecting federal labor policy," and instead focus on "the wrong done the individual employee." *Terry*, 494 U.S. at 573 (citation omitted).

81.     "[C]ompensatory damages," or "monetary relief for all losses . . . , sustained as a result of the alleged breach of . . . duties," are "the classic form of legal relief." *Mertens v. Hewitt Assoc.*, 508 U.S. 248, 255 (1993).  Indeed, the Fifth Circuit referred to the Board's expanded remedies as "novel, consequential-damages-like labor law remed[ies]." *Thryve Inc.*, 372 F.4th at 737.

82.     The Complaint seeks unspecified consequential damages against Findhelp.

83.     The fact that the administrative complaint also seeks equitable relief does not strip Findhelp of its jury-trial right.  *Jarkesy*, 34 F.4th at 454 ("the Seventh Amendment applies to proceedings that involve a mix of legal and equitable claims").

84.     The fact that NLRB proceedings are administrative in nature does not divest Findhelp of its jury-trial right.  "Congress cannot eliminate a party's Seventh Amendment right to a jury trial merely by relabeling the cause of action to which it attaches and placing exclusive jurisdiction in an administrative agency" like the NLRB.  *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 61 (1989).

85.     Without interim injunctive relief from this Court, Findhelp's claims will be improperly adjudicated by an administrator instead of a jury, and Findhelp may be required to pay damages to individuals without the appropriate safeguards provided by a jury.

86.     Findhelp bears a strong likelihood of success on this claim for the reasons detailed above.

87.     Unless the NLRB is enjoined from proceeding against Findhelp before an NLRB ALJ rather than a jury, Findhelp will be irreparably harmed because it may be forced to pay damages that are not permitted to be determined without a jury seated before an Article III court.

88.     Findhelp is experiencing a "here and now injury" by "being subjected to an illegitimate proceeding, led by an illegitimate decisionmaker." *Axon Enter.*, 143 S. Ct. at 893.

89.     The harm to Findhelp, in the event declaratory and injunctive relief is not granted, far outweighs any harm, or mere inconvenience, to the NLRB if such relief is granted.

90.     The grant of injunctive and declaratory relief on this claim will serve the public interest by not allowing the NLRB to continue to operate in an unconstitutional manner.  Indeed, preservation of Seventh Amendment rights is "of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of that right" has always been and "should be scrutinized with the utmost care." *Jarkesy*, 603 U.S. at ___, slip op. 7.

## REQUEST FOR RELIEF

Based on the foregoing, Findhelp respectfully requests that the Court order the following relief and enter judgment:

1. Declaring that:

    a. The statutes, regulatory provisions, guidance, and/or policies restricting the removal of NLRB ALJs, including 5 U.S.C. § 7521(a), are unconstitutional;

    b. The statutes, regulatory provisions, guidance, and/or policies restricting the removal of NLRB Members, including 29 U.S.C. § 153(a), are unconstitutional; and

c. The NLRB proceedings against Findhelp deprive it of its constitutional right to trial by jury;

2. Preliminarily enjoining Defendants from subjecting Findhelp to unconstitutionally structured administrative proceedings pending the final resolution of this action;

3. Permanently enjoining Defendants from implementing or carrying out the unconstitutional removal-protection provisions identified above;

4. Awarding Findhelp its costs and expenses incurred in bringing this action, including, but not limited to, reasonable attorney's fees; and

5. Awarding such other and further relief, whether at law or in equity, as the Court deems just and proper.

Dated:  August 20, 2024                    Respectfully submitted,

/s/ *Talley R. Parker*
Talley R. Parker
Texas State Bar No. 24065872
talley.parker@jacksonlewis.com
Kshitiz Gautam
Texas State Bar No. 24131877
kshitiz.gautam@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard Street, Suite 2500
Dallas, Texas 75201
(214) 520-2400 – Telephone
(214) 520-2008 - Fax

and

/s/ *David A. Kelly*
David A. Kelly – *pro hac vice forthcoming*
10701 Parkridge Blvd., Suite 300
Reston, VA 20191
(703) 483-8322 – Telephone
(703) 483-8301 – Fax
David.Kelly@jacksonlewis.com

and

/s/ *Johnathan J. Spitz*
Johnathan J. Spitz – *pro hac vice forthcoming*
171 17th Street, NW, Suite 1200
Atlanta, GA 30363
(404) 586-1835 - Telephone
Johnathan.Spitz@jacksonlewis.com

**ATTORNEYS FOR PLAINTIFF**