UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**AUNT BERTHA,**

Plaintiff,

v.                                                        **No. 4:24-cv-00798-P**

**NATIONAL LABOR RELATIONS
BOARD, ET AL.,**

Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Aunt Bertha d/b/a Findhelp
("Findhelp")'s Emergency Motion for Preliminary Injunction. ECF No.
3. Having reviewed the briefing and applicable law, Findhelp's Motion
is **GRANTED.**

## BACKGROUND

The National Labor Relations Board ("NLRB") was established to
provide a mechanism for employees to vindicate the rights provided to
them under the National Labor Relations Act ("NLRA"). Specifically, the
NLRB helps to resolve "industrial disputes arising out of differences as
to wages, hours, or other working conditions." 29 U.S.C. § 151. One of
the "key functions" of the NLRB is to adjudicate allegations that
employers have engaged in "unfair labor practice[s]." 29 U.S.C. § 160. If
the NLRB finds merit in an employee's allegation, it issues a
complaint. *Id.* And, in most cases, the complaint is accompanied by a
notice of hearing before an administrative law judge ("ALJ"). *Id.*

The NLRB's ALJs are appointed by the five-member board (the
"NLRB Members"). 29 U.S.C. §§ 153–54. An ALJ can only be removed
if: (1) the NLRB Members bring an action to remove an ALJ; and (2) the
Merit Systems Protection Board ("MSPB"), an independent federal
agency, determines that good cause exists for the removal of the ALJ. 5
U.S.C. § 7521(a). In turn, NLRB Members serve five-year, staggered

terms, and may only be removed for neglect of duty or malfeasance in office.

Findhelp's employees are represented by the Office & Professional Employees International Union ("OPEIU")—who has filed an *amicus curiae* brief in this case. In early 2023, OPEIU began filing a series of charges with the NLRB accusing Findhelp of violating the NLRA. Subsequently, the NLRB issued a complaint against Findhelp and scheduled an administrative hearing before an ALJ on September 23, 2024. As a result, Findhelp filed this Motion asking the Court to enjoin the administrative procedures pending against it.

## LEGAL STANDARD

A preliminary injunction is an "extraordinary remedy" and will be granted only if the movants carry their burden on four requirements. *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008). The movants must show: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) the threatened injury to the movant outweighs the threatened harm to the party sought to be enjoined; and (4) granting the injunctive relief will not disserve the public interest." *City of Dall. v. Delta Air Lines, Inc.*, 847 F.3d 279, 285 (5th Cir. 2017) (cleaned up). "The decision to grant or deny a preliminary injunction is discretionary with the district court." *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

## ANALYSIS

Findhelp raises three arguments against the constitutionality of the NLRB's structure. *See* ECF No. 3. However, because the Court finds that Findhelp is entitled to the requested relief based on the ALJ-removal argument alone, the Court will not address Findhelp's other arguments.[1]

---

[1] The Supreme Court has encouraged lower courts to avoid expending "scarce judicial resources to resolve difficult and novel questions of constitutional or statutory interpretation that will have no effect on the outcome of the case." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011).

**A. Likelihood of Success on the Merits**

Findhelp alleges, *inter alia*, that the NLRB ALJ's are improperly insulated from the President's removal powers. ECF No. 3 at 8–10. In its Response, the NLRB raises four arguments against Findhelp's satisfaction of the success on the merits prong. *First*, NLRB claims that binding Fifth Circuit precedent is wrong. ECF No. 21 at 17–18. *Second*, the NLRB claims that even if the challenged removal restrictions are unconstitutional, *Collins v. Yellen*, 594 U.S. 220 (2021), compels Findhelp to show something it has not shown: that the President has sought to remove the ALJ that is assigned to Findhelp's case. ECF No. 21 at 8. *Third*, the NLRB argues that *Axon* cannot be used to satisfy the requirements of a preliminary injunction because its holding addresses subject matter jurisdiction rather than an injunction. *Id.* at 9–11. *Fourth*, the NLRB asserts that a preliminary injunction is inappropriate because severance of the unconstitutional removal restrictions is the appropriate remedy. *Id.* at 11–13. For the reasons set out below, the Court in unpersuaded by the NLRB's arguments and finds that Findhelp has satisfied the success on the merits prong.

1. The NLRB ALJs' Removal Provision is Unconstitutional

Findhelp claims that Congress has impermissibly protected the NLRB ALJs from the President's Article II power by insulating them from removal. Because the Fifth Circuit recently held a nearly identical provision from a different statute to be unconstitutional, the Court agrees. *See Jarkesy v. SEC,* 34 F.4th 446 (5th Cir. 2022), *aff'd on other grounds*, —— U.S. ——, 144 S. Ct. 2117 (2024).

Findhelp asserts that the two layers of for-cause removal protections afforded to NLRB ALJs prevent the President from fully exercising his removal authority under Article II of the Constitution. ECF No. 3 at 8–10. In support of its argument, Findhelp points to *Jarkesy*, in which the Fifth Circuit held that the statutory removal protections for Securities and Exchange Commission ("SEC") ALJs were unconstitutional. *Jarkesy*, 34 F.4th at 465. Specifically, the Fifth Circuit found the removal restrictions to be unconstitutional because the SEC ALJs were insulated by two layers of for-cause removal protection. *Id.*

In this case, the NLRB ALJs are afforded the same two layers of for-cause removal protections that the Fifth Circuit found to be unconstitutional with regard to the SEC ALJs. In fact, the NLRB has not, and cannot, offer any distinction between the relevant provisions or the protections they confer upon the ALJs. *See generally* ECF No. 21. The NLRB does, however, argue that *Jarkesy* was wrongly decided. *Id.* at 13–18. Because this Court may not second-guess binding Fifth Circuit precedent, *Jarkesy* is binding on this Court. Consequently, the Court concludes that Findhelp has shown a likelihood of success on the merits for its claim that the removal protections afforded to the NLRB ALJs are unconstitutional.

2. <u>*Collins and Axon*</u>

The NLRB claims that Findhelp cannot establish a likelihood of success on the merits without showing that the President has sought to remove the ALJ assigned to its case. Additionally, the NLRB insists that *Axon Enter., Inc. v. Fed. Trade Comm'n*, 598 U.S. 175 (2023) did not address injunctive relief directly and, thus, cannot be used to confer a right to relief. ECF No. 21 at 9–11. In *Energy Transfer, LP v. Nat'l Lab. Rels. Bd.*, No. 3:24-CV-198, 2024 WL 3571494, at *4 (S.D. Tex. July 29, 2024), the same arguments were presented to the Court's esteemed colleague. In *Energy Transfer*, the court—after a thorough analysis of the relevant case law and the same arguments presented here—found that "*Collins* requires a court to determine whether an unconstitutional removal provision has caused, or is set to cause, harm to the plaintiff," but does not require a plaintiff to show that the President has sought to remove the ALJ assigned to a case. *Energy Transfer*, 2024 WL 3571494, at *4. Additionally, the court found that "[f]or removal-restriction claims that seek relief *before* an insulated actor acts, it is not that *Collins*'s causal-harm requirement is altogether inapplicable, but rather that it is readily satisfied." *Id.* (emphasis in original). Finally, the court found that potentially being subject to an unconstitutional administrative proceeding is sufficient to confer a right to relief. *Id.*

The Court, having reviewed the Parties' arguments and the relevant case law, adopts *Energy Transfer's* reasoning. Findhelp's alleged injury is having to participate in a constitutionally defective administrative

process that is created by the removal provisions. Therefore, the Court finds the NLRB's arguments to be unpersuasive as to this issue.

3. Severability

Finally, the NLRB asserts that rather than enjoining the proceedings, a more appropriate remedy would be to sever any offending removal provisions from the statute by declaring them unconstitutional. ECF No. 21 at 11–13. But such a remedy would not provide Findhelp any relief from having to appear before an unconstitutionally insulated ALJ at the September 23 administrative hearing. While the Court is skeptical that severance is the proper remedy, even if it was, such a declaration would not take place until final judgment. *See Space Expl. Technolo-Gies Corp. v. Nat'l Lab. Rels. Bd.*, No. W-24-CV-00203-ADA, 2024 WL 3512082, at *5 (W.D. Tex. July 23, 2024) (explaining that "there is no appropriate way to sever any of the removal protections to remedy the constitutional problems with the NLRB's structure."). Thus, at this stage, it is too speculative to say that severance is the appropriate remedy such that it justifies subjecting Findhelp to an unconstitutional proceeding. *See Space Expl.*, 2024 WL 3512082, at *5 ("[U]ntil we have reached [the merits]–which we have not–consideration of severance is premature."); *see also Energy Transfer,* 2024 WL 3571494, at *4 (same). Consequently, the Court is unpersuaded by the NLRB's severance argument and concludes that Findhelp has satisfied the likelihood of success on the merits prong.

## B. Irreparable Injury

A harm is irreparable "if it cannot be undone through monetary remedies." *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012). Findhelp's harm is "being subjected to" "a proceeding by an unaccountable ALJ." *Axon*, 598 U.S. at 191. And any remedy crafted after such a proceeding would be "too late to be meaningful" as "[a] proceeding that has already happened cannot be undone." *Id.* Multiple courts have already found such an injury to be sufficient. *See Space Expl.*, 2024 WL 3512082, at *6; *see also Energy Transfer,* 2024 WL 3571494 at *4; *SpaceX v. Bell*, 701 F. Supp. 3d 626 (S.D. Tex. Nov. 8, 2023) (citing *Axon* and stating that "if Plaintiff can

show that OCAHO ALJs are unconstitutionally insulated from removal, Plaintiff will be harmed by having to proceed before an unaccountable ALJ"); *Alpine Sec. Corp. v. FINRA*, 2023 WL 4703307, at *3 (D.C. Cir. July 5, 2023) (Walker, J., concurring) (finding the enjoining of an administrative adjudication appropriate under *Axon* because the plaintiff was likely to prevail on a claim that officers were unlawfully "shielded from removal"); *cf. Cochran v. SEC*, 20 F.4th 194, 212–13 (5th Cir. 2021) (en banc) (if a removal claim is "meritorious," a plaintiff should not be "forc[ed] to litigate before an ALJ who is unconstitutionally insulated from presidential control. . . ."), *aff'd and remanded sub nom. Axon*, 598 U.S. at 175. Accordingly, the Court finds that Findhelp has satisfied the irreparable injury prong.

## C. The Balance of Harms and the Public Interest

The third and fourth preliminary injunction factors—balance of harm and public interest—"merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). This is because when a statute is enjoined, the government "suffers the irreparable harm of denying the public interest in the enforcement of its laws," causing the government's "interest and harm" to "merge with that of the public." *Veasey v. Abbott*, 870 F.3d 387, 391 (5th Cir. 2017). And "it is always in the public interest to prevent the violation of a party's constitutional rights." *Jackson Women's Health Org. v. Currier,* 760 F.3d 448, 458 n.9 (5th Cir. 2014) (cleaned up).

Moreover, the government suffers no cognizable harm from stopping the perpetuation of an unlawful agency action. *See, e.g., BST Holdings, L.L.C. v. OSHA*, 17 F.4th 604, 618 (5th Cir. 2021). Similarly, an injunction preventing an unlawful agency action does not disserve the public interest. *Id.* at 618. Nor is it in the public interest for an agency to infringe upon the constitutional imperative that "the judiciary remain[ ] truly distinct from . . . the executive." *Stern v. Marshall*, 564 U.S. 462, 483 (2011) (alteration in original) (quoting THE FEDERALIST No. 78, at 466 (Alexander Hamilton) (C. Rossiter ed. 1961)). Consequently, the balance of harm and public interest favor Findhelp.

\*   \*   \*

For the foregoing reasons, Findhelp's Motion for Emergency Preliminary Injunction is **GRANTED**. The underlying NLRB administrative proceedings against Findhelp are hereby enjoined until the Court issues a final judgment in this case.

## CONCLUSION

The Court thus **GRANTS** Plaintiffs' Emergency Motion for Preliminary Injunction (ECF No. 3) and **ENJOINS** the underlying NLRB administrative proceedings against Findhelp until the Court issues a final judgment in this case.

**SO ORDERED** on this **16th day** of **September 2024.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE