UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**AUNT BERTHA,**
**D/B/A FINDHELP,**

    Plaintiff,

v.                                                                                    **No. 4:24-cv-00798-P**

**NATIONAL LABOR RELATIONS**
**BOARD, ET AL.,**

    Defendants.

## OPINION AND ORDER

Before the Court is Plaintiff Aunt Bertha d/b/a Findhelp ("Findhelp")'s Motion for Summary Judgment. ECF No. 55. Having considered the Motion, the briefing, the record, and the governing law, the Court concludes that Findhelp is entitled to judgment as a matter of law. The Court will **GRANT** the Motion.

## BACKGROUND

This case returns to the Court following interlocutory appeal. The Court previously granted Findhelp's motion for a preliminary injunction, enjoining the National Labor Relations Board ("NLRB") from proceeding with administrative adjudication against Findhelp. ECF No. 30. The Fifth Circuit affirmed that decision in a consolidated appeal involving parallel challenges to the structure of the NLRB.

The underlying facts are not in dispute. The NLRB initiated administrative proceedings against Findhelp, alleging violations of the National Labor Relations Act. Those proceedings were to be adjudicated before an administrative law judge ("ALJ"), whose decision would be subject to review by the Board. Before the administrative hearing began, Findhelp filed this action, asserting that the structure of the NLRB violates Article II of the Constitution and, independently, that the

agency's adjudication of certain claims violates the Seventh Amendment.

The Court granted a preliminary injunction based on Findhelp's Article II challenge to the ALJ removal protections, halting the administrative proceedings. The Fifth Circuit affirmed, holding both that district courts have jurisdiction to hear such structural constitutional challenges and that the preliminary injunction was a proper exercise of discretion. *See Space Exploration Technologies Corp. v. National Labor Relations Board*, 151 F.4th 761 (5th Cir. 2025).

With the case now before the Court on summary judgment, the question is whether Findhelp is entitled to final declaratory and injunctive relief as a matter of law.

## LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact" and the movant "is entitled to judgment as a matter of law." *Fed. R. Civ. P.* 56(a). Where, as here, the dispute turns on purely legal questions—namely, the constitutionality of a statutory scheme—summary judgment is particularly appropriate. *See Sheline v. Dun & Bradstreet Corp.*, 948 F.2d 174, 176 (5th Cir. 1991).

To obtain a permanent injunction, a plaintiff must demonstrate: (1) actual success on the merits; (2) irreparable injury; (3) that the balance of hardships favors the plaintiff; and (4) that the injunction would not disserve the public interest. *Valentine v. Collier*, 993 F.3d 270, 280 (5th Cir. 2021). Additionally, the Fifth Circuit's prior decision in this case establishes the law of the case with respect to issues decided on appeal. *See Royal Insurance Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 881 (5th Cir. 1993).

## ANALYSIS

### A. The NLRB's ALJ and Board Member Removal Provisions are Unconstitutional.

To begin, the Fifth Circuit's decision affirming the preliminary injunction significantly narrows the issues before this Court.

With respect to the NLRB's ALJ removal protections, the Fifth Circuit addressed the merits of the Article II challenge, explaining that "ALJs are inferior officers insulated by two layers of for-cause removal protection, an arrangement the Supreme Court and this circuit have both held unconstitutional." *Space Exploration Technologies Corp.*, 151 F.4th at 774–75.

Thus, under the law-of-the-case doctrine and the mandate rule, this Court is not free to revisit those determinations. *See United States v. Pineiro*, 470 F.3d 200, 205 (5th Cir. 2006). The Court therefore proceeds from the Fifth Circuit's holding that the NLRB's ALJ removal protections are unconstitutional.

The Fifth Circuit's analysis likewise informs the treatment of the Board member removal protections. Although Defendants rely on *Humphrey's Executor v. United States*, 295 U.S. 602 (1935) to defend the removal provision, the Fifth Circuit emphasized that *Humphrey's Executor* represents a "narrow" exception and cautioned against extending it to agencies that are not a "mirror image" of the Federal Trade Commission. *Space Exploration Technologies Corp.*, 151 F.4th at 776–78. That caution reflects the Supreme Court's more recent direction that *Humphrey's Executor* must be confined to its historical bounds. *See Seila Law LLC v. Consumer Financial Protection Bureau*, 591 U.S. 197, 215–18 (2020).

The NLRB does not fit within that narrow exception. As the Fifth Circuit recognized, the Board exercises significant executive authority, including the investigation, prosecution, and adjudication of unfair labor practice charges. *See Space Exploration Technologies Corp.*, 151 F.4th at 766–68. That combination of powers places the NLRB well outside the limited category of agencies contemplated by *Humphrey's Executor* and raises the same Article II concerns that have led courts to reject similar tenure protections in other contexts.

The Court thus proceeds to the remainder of its analysis on the understanding that both layers of the NLRB's tenure structure, ALJs and Board members alike, are unconstitutional. Accordingly, Count I

and II present no genuine dispute for trial. Findhelp is entitled to summary judgment on both counts.

### B. The NLRB's ALJ and Board Member Removal Provisions Cannot Be Severed From This Case.

Defendants argue that even if the removal provisions are unconstitutional, the Court should sever them and permit the administrative proceedings to continue. That argument fails both as a matter of law and as a matter of practical administration.

Severability is a limited, text-bound doctrine. It permits a court to excise an offending provision while leaving the remainder of the statute intact, but only where the resulting scheme remains fully operative and consistent with Congress's design. *Alaska Airlines, Inc. v. Brock*, 480 U.S. 678, 684–85 (1987); *Ayotte v. Planned Parenthood of N. New Eng.*, 546 U.S. 320, 328–30 (2006). In other words, courts are not authorized to rewrite statutes or give them "an effect altogether different from that sought by the measure viewed as a whole." *Murphy v. NCAA*, 584 U.S. 453, 481–82 (2018); *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 591 U.S. 610, 625–27 (2020).

That is exactly what Defendants' position would require here. The constitutional defect identified by the Fifth Circuit is not contained in a single, easily severable clause. It arises from a "stacked" or "layered" structure of removal protections spanning multiple statutes and institutions. And because the constitutional problem is produced by multiple layers acting in combination, there is no single provision the Court can excise to cure the defect. Any potential fix would require the Court to decide which layer to remove—Board-member tenure, ALJ good-cause protection, Merit Systems Protections Board ("MSPB") adjudication, or some combination thereof. Each option produces a materially different regime, and nothing in the statutory text indicates which Congress would have preferred. When the remedy depends on selecting among competing institutional designs, the Court is no longer severing, it is reconstructing or legislating.

This problem is most easily exemplified with respect to 5 U.S.C. § 7521(a), which governs ALJ removal. It states that an ALJ may be

removed "only for good cause," and that cause must be "established and determined" by the MSPB "on the record after opportunity for hearing." 5 U.S.C. § 7521(a). There is no obvious way to sever this language without fundamentally altering it. Removing the "good cause" limitation would convert the statute into an at-will removal regime that Congress did not enact. Removing the MSPB's role would leave no decisionmaker or procedure to determine good cause. Either approach would require the Court to supply missing statutory content, precisely what severability doctrine forbids. *Alaska Airlines*, 480 U.S. at 684–85.

Defendants' position that the Court can simply declare the removal restrictions unenforceable and allow the proceedings to continue fares no better. It leaves the statutory text intact while asking the Court to disregard it in practice. But the operative statutes would still require MSPB adjudication and good-cause findings, and the same ALJ would preside over the same proceeding. Any attempt to proceed under this theory would immediately raise unanswered questions about who decides removal, under what standard, and through what procedures.

Finally, severance would not remedy Findhelp's injury in any event. As the Fifth Circuit made clear, the harm lies in being subjected to an unconstitutional proceeding at all. "A proceeding that has already happened cannot be undone." *Space Expl. Techs. Corp.*, 151 F.4th at 773. Allowing the proceedings to go forward under a judicially altered framework would perpetuate that harm.

The same reasoning applies to the Board-member removal protections. Striking the limitation in 29 U.S.C. § 153(a) would not merely remove an unconstitutional feature; it would transform the nature of the Board itself by converting it into an at-will, President-controlled body while leaving intact the same broad adjudicatory and policymaking authority Congress conferred. In short, Defendants have not identified, nor is there, any coherent severance that would leave an operable statutory scheme consistent with Congress's design.

Accordingly, Findhelp is entitled to judgment as a matter of law on Counts I and II and declaratory relief is warranted. The Court therefore declares that the statutory removal protections applicable to NLRB

Administrative Law Judges and the statutory tenure protections applicable to Board Members violate Article II.

A permanent injunction is likewise appropriate. Having prevailed on the merits of its Article II claims, Findhelp is entitled to relief barring the NLRB from continuing to prosecute it through an unconstitutionally structured administrative proceeding. The Fifth Circuit already explained, in the preliminary-injunction context, why the remaining equitable factors—including irreparable harm, the balance of equities, and the public interest—favor enjoining an ongoing NLRB adjudication infected by structural Article II defects. That same analysis applies here.

### C. The NLRB's Adjudication of Findhelp's Consequential-Damages Claims Violates the Seventh Amendment.

Findhelp is likewise entitled to summary judgment on Count III.

The Seventh Amendment preserves the right to a jury trial in suits at common law. U.S. CONST. amend. VII. As the Supreme Court recently reaffirmed, when the Government seeks legal relief through an administrative enforcement action resembling a traditional common-law suit, the Constitution requires adjudication before an Article III court and a civil jury. *See SEC v. Jarkesy*, 603 U.S. 109 (2024). Congress cannot evade that guarantee merely by assigning the dispute to an agency tribunal. *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 61 (1989).

That principle controls here because the operative Administrative Complaint seeks that type of legal relief. In it, the NLRB demands that Findhelp compensate private individuals for direct or foreseeable pecuniary harms and pay "reasonable consequential damages" resulting from alleged unfair labor practices. Those remedies are retrospective, compensatory, and monetary in nature and they mirror the type of relief sought in a traditional common law suit.

Stated differently, under *Jarkesy*, the relevant inquiry is whether the proceeding resembles a traditional action at common law. Here, the NLRB seeks to determine whether Findhelp committed a legal wrong against private parties, whether that conduct caused monetary injury,

6

and the amount of compensatory and consequential damages owed. Those are classic functions of a common-law court and jury. Yet those determinations are assigned to an executive-branch tribunal that affords no civil jury at any stage of the proceeding.

This constitutional defect is not cured by subsequent judicial review. Any later review in the courts of appeals is appellate in character and confined to the administrative record; it is not a *de novo* jury trial on liability and damages. Thus, once Findhelp is compelled to defend against claims for legal monetary relief in the Board's administrative forum, the constitutional injury has already occurred.

Defendants also contend that the Court lacks jurisdiction to resolve this claim. The Court disagrees. Count III does not seek review of a final Board order under 29 U.S.C. § 160(f). Instead, it presents a threshold constitutional challenge to the forum itself: whether the NLRB may compel Findhelp to litigate claims for legal monetary relief in a nonjury administrative proceeding.

The Supreme Court has repeatedly recognized that district courts retain jurisdiction over such structural constitutional challenges notwithstanding statutory review schemes directing review of final agency action to the courts of appeals. *See Axon Enter., Inc. v. FTC*, 598 U.S. 175, 191 (2023). The injury asserted here is not the possibility of an adverse final order, but the subjection to an allegedly unconstitutional adjudicatory process. In other words, whether a claim implicates the Seventh Amendment jury right is a constitutional question for courts, not a matter of labor-policy administration.

Accordingly, Count III presents no genuine dispute for trial and Findhelp is entitled to judgment as a matter of law on its Seventh Amendment claim. Declaratory relief is therefore warranted. The Court declares that the NLRB may not adjudicate and award compensatory, consequential, or other legal monetary relief against Findhelp through an administrative proceeding that affords no civil jury.

Permanent injunctive relief is likewise appropriate. The constitutional injury identified here—being compelled to litigate claims for legal monetary relief before a nonjury tribunal—cannot be remedied

after the proceeding concludes. And preventing the Government from adjudicating claims for compensatory and consequential damages in a constitutionally impermissible forum imposes no cognizable hardship on Defendants while serving the public interest in constitutional compliance. The Court therefore permanently enjoins Defendants from continuing or resuming the pending administrative proceeding against Findhelp to the extent the NLRB seeks compensatory, consequential, or other legal monetary relief in an administrative adjudication that affords no civil jury.

## CONCLUSION

The Court thus **GRANTS** Plaintiff's Motion for Summary Judgment (ECF No. 55). The Court concludes that Findhelp is entitled to final declaratory and injunctive relief. The Court **DECLARES** that the challenged removal provisions governing the NLRB's adjudicatory structure are unconstitutional and that the administrative adjudication of the legal claims and remedies at issue violates the Seventh Amendment. The Court further concludes that permanent injunctive relief is warranted and therefore **ENJOINS** Defendants from resuming or continuing the administrative proceedings against Findhelp under the current unconstitutional structure. Accordingly, Plaintiff's claims against Defendants are **DIMISSED with prejudice**.

**SO ORDERED** on this **15th day of May 2026.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

8